# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| ANDREW BRENT EDWARDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 7: 05-CV-02157-LSC-PWG |
| | ) | |
| WILLIAM M. CARDWELL, et. al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>MEMORANDUM OF OPINION</u>

The magistrate judge filed a report and recommendation on November 29, 2005, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failure to exhaust state remedies available to him.  The magistrate judge further recommended that plaintiff's requests to proceed without prepayment of fees, federal intervention and appointment of counsel be DENIED.  On the same date the report and recommendation was entered, plaintiff filed a letter (doc. 4) in which he continues to make the same claims as set out in his complaint.  No objections to the report and recommendation were ever filed.

Plaintiff did submit an additional letter on December 5, 2005.  (Doc. 5).  In the second letter, plaintiff makes no mention of the allegations in his complaint.  *Id.* at 1.  He does, however, register various complaints about the quality and quantity of food served at Pickens County Jail, and states he "never go outside of the jail for nothing 7 mts 2 times hearing. (sic)."  *Id.*  To the extent the letter can be considered an amended complaint, the court will conduct a 28 U.S.C. § 1915A review of same.

As for food services, plaintiff is dissatisfied because he doesn't like oatmeal, and therefore, when it is served he refuses to eat it.  *Id.*  He writes that inmates are not afforded snacks, the pork

and deer meat served at the jail are not from a commercial facility, not U.S.D.A. approved, and make him "dizz[y]" when he eats it.  *Id.*  Plaintiff states that his weight has decreased from 180 pounds to 140 pounds in six months because he is afraid to eat the meat.  *Id.*  Plaintiff complains of hunger pains. *Id.*  To support his assertions, he attaches a sample weekly menu.  *Id.* at 2.

It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an  immediate danger to the health and well being of the inmates who consume it."  *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981);  *Bolding v. Holshouser*, 575  F.2d 461 (4th Cir.1978), *cert. denied*, 439 U.S. 837, 99 S.Ct. 121, 58   L.Ed.2d 133 (1978).   However, the Constitution requires only that prisoners be provided "reasonably adequate food" which contains "sufficient nutritional value to preserve health." *Id.; Jones v. Diamond*, 636 F.2d 1364, 1378 (5th Cir.)(en banc), *cert. granted*, 452 U.S. 959, *cert. dismissed*, 453 U.S. 950 (1981); *Newman v. Alabama*, 559 F.2d 283, 286 (5th Cir. 1977), *rev'd in part on other grounds sub nom Alabama v. Pugh*, 438 U.S. 781 (1978); *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977).   There is no requirement that food by premium quality, or even attractive.

Plaintiffs complains that the meals served are not nutritionally adequate.  However, the court has reviewed the weekly menu, and finds nothing constitutionally disturbing about same.  Although plaintiff complains he feels lightheaded when he eats the meat served him, he does not claim that he or any other inmate has ever sought medical attention because of the food they have eaten.  He does not allege that there has been an outbreak of food poisoning, diarrhea, or other health problems that would be indicative of unhealthy conditions in the preparation or handling of food.  Plaintiff's weight loss is because he chooses not to eat, not because he is not afforded an opportunity to eat. Plaintiff's allegations are mere conclusions and insufficient, without more, to state a claim under

§ 1983 and are due to be dismissed.

Finally, to the extent the court can decipher plaintiff's last allegation, it appears he is dissatisfied because he has only been outside of the jail facility two (2) times in the last seven (7) months in order to attend hearings.   The fact that plaintiff has not been allowed outside of the jail, standing alone, is simply too conclusory to state any claim of constitutional import.  Vague, general or conclusory allegations are insufficient to merit relief under § 1983.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  This claim is due to be dismissed.

### *Conclusion*

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and plaintiff's letters, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, plaintiff's requests to proceed without prepayment of fees, for federal intervention and appointment of counsel are due to be DENIED, and the claims pertaining to his arrest for Driving Under the Influence are due to be DISMISSED WITHOUT PREJUDICE.  Moreover, the allegations in plaintiff's amended complaint (doc. 5) are DISMISSED WITH PREJUDICE for failing to state a claim upon which relief can be granted, or  seeking monetary relief from a defendant who is immune pursuant to 28 U.S.C. § 1915A(b).

 For information regarding the cost of appeal, see the attached notice.

Done this 4th day of January 2006.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

United States Court of Appeals

## Eleventh Circuit

56 Forsyth Street, N.W.
Atlanta, Georgia 30303

Thomas K. Kahn                                                In Replying Give Number
Clerk                                                        Of Case and Names of Parties

## NOTICE TO PRISONERS CONCERNING CIVIL APPEALS

_____

The Prison Litigation Reform Act of 1995 (effective April 26, 1996) now **REQUIRES** that all prisoners pay the Court's $250 docket fee plus $5 filing fee (for a total of $255) when appealing any civil judgment.

If you wish to appeal in a civil case that Act now **requires** that upon filing a notice of appeal you *either*:

(1)    Pay the total $255 fee to the clerk of the district court from which this case arose; *or*

(2)    arrange to have a prison official certify to the district court from which the appeal arose the <u>average</u> monthly deposits and balances in your prison account for each of the six months preceding the filing of a notice of appeal.

If you proceed with option (2) above, the Act requires that the district court order you to pay an *initial partial fee* of at least 20% of the **greater** of either the <u>average</u> monthly deposits or of the <u>average</u> monthly balances shown in your prison account. The remainder of the total $255 fee will thereafter be deducted from your prison account each month that your account balance exceeds $10. Each such monthly deduction shall equal 20% of all deposits to your prison account during the previous month, until the total $255 fee is paid. (If your prison account statement shows that you cannot pay even the required *initial partial fee*, your appeal may nevertheless proceed, **but the total $255 fee will be assessed against and will be deducted from future deposits to your prison account**.)

Fees are not refundable, regardless of outcome, and deductions from your prison account will continue until the total $255 fee is collected, even if an appeal is unsuccessful.

THOMAS K. KAHN
Clerk

PLRA Notice
Rev.: 6/96